UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN K. LOCKE,<br><br>                              Petitioner,<br><br>  v.<br><br>DANIEL PARAMO, Warden,<br><br>                              Respondent. | Case No.: 17cv0453-JLS (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION TO FILE SECOND OR SUCCESSIVE PETITION; AND**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion for permission to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2)(A).  (ECF Nos. 1-2.)

  This is Petitioner's first federal habeas petition challenging his 2002 San Diego County Superior Court conviction in Case No. SCD No. 160776.  Thus, he does not require permission to file a second or successive habeas petition in this Court.  See 28 U.S.C. § 2254(b)(2)(A).  Rather, Petitioner claims in his Petition that his sentence has become invalid in light of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 2557 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague and therefore "increasing a defendant's sentence under the clause denies due process

of law.") It appears Petitioner is arguing in his Motion that the one-year statute of limitations for challenging his 2002 conviction, which became final shortly after the state supreme court denied his petition for review in 2004, was revived or reset when the <u>Johnson</u> opinion was filed. (ECF No. 2.) The Court makes no ruling at this time regarding the statute of limitations as to Petitioner's claim, but it is clear that he does not require permission from this Court to file his Petition. Accordingly, his Motion is **DENIED** as moot and without prejudice to Petitioner raise his argument regarding the statute of limitations at a later time in these proceedings, if necessary.

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or her authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" no later than **March 27, 2017**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **May 15, 2017**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed,

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

2

1  Respondent must lodge with the Court all records bearing on Respondent's contention in
2  this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

3        4.      If Respondent files a motion to dismiss, Petitioner must file his opposition, if
4  any, to the motion no later than **June 15, 2017**.  At the time the opposition is filed,
5  Petitioner must lodge with the Court any records not lodged by Respondent which
6  Petitioner believes may be relevant to the Court's determination of the motion.

7        5.      Unless the Court orders otherwise, Respondent must not file a reply to
8  Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford
9  Respondent adequate time to respond to Petitioner's claims on the merits.

10       6.      If Respondent does not contend that the Petition can be decided without the
11 Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer
12 to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>,
13 pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **May 15, 2017**.  At
14 the time the answer is filed, Respondent must lodge with the Court all records bearing on
15 the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of
16 lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas**
17 **Corpus Case — To Be Sent to Clerk's Office**."  Respondent must not combine separate
18 pleadings, orders or other items into a combined lodgment entry.  Each item must be
19 numbered separately and sequentially.

20       7.      Petitioner may file a traverse to matters raised in the answer no later than **June**
21 **15, 2017**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies
22 each allegation of fact contained in the answer; (b) must be limited to facts or arguments
23 responsive to matters raised in the answer; and (c) must not raise new grounds for relief
24 that were not asserted in the Petition.  Grounds for relief withheld until the traverse will
25 not be considered.  No traverse can exceed ten (10) pages in length absent advance leave
26 of Court for good cause shown.

27       8.      A request by a party for an extension of time within which to file any of the
28 pleadings required by this Order must be made at least seven (7) days in advance of the

due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 8, 2017

Hon. Jan M. Adler
United States Magistrate Judge