# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN K. LOCKE,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 17-CV-453 JLS (JMA)<br><br>**ORDER: (1) OVERRULING PETITIONER'S OBJECTION; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING RESPONDENT'S MOTION TO DISMISS; AND (4) DISMISSING WITH PREJUDICE PETITIONER'S PETITION**<br><br>(ECF Nos. 8, 14.) |

　　　Presently before the Court is Petitioner Marvin K. Locke's Petition for a Writ of Habeas Corpus, ("Petition," ECF No. 1), Respondent's Response to the Petition, ("Opp'n," ECF No. 5), and Petitioner's Traverse, ("Traverse," ECF No. 12). Magistrate Judge Jan M. Adler issued a Report and Recommendation, ("R&R," ECF No. 13), recommending that the Court deny Petitioner's Petition. While Petitioner did not file any objections to the R&R, he filed a Motion for Certificate of Appealability, which includes objections to the

R&R, ("CoA MTN," ECF No. 17). The Court addresses Petitioner's arguments in his Motion.

Having considered the Parties' arguments and the law, as well as all supporting documents, the Court **ADOPTS** Judge Adler's Report and Recommendation, **DENIES** Petitioner's Motion for Certificate of Appealability, and **DISMISSES WITH PREJUDICE** Petitioner's Petition.

## BACKGROUND

Judge Adler's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying the Petitioner's Petition. (*See* R&R 1–7.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In his Petition, Petitioner alleges (1) a petition for writ of habeas corpus review is an appropriate vehicle for a second or successive petition; and (2) his conviction for second-degree murder is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Petition

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

6–7; Traverse 11–12.) Judge Adler recommends this Court find the first issue moot and deny Petitioner's claim on the second issue. (R&R 10, 13.) In his Motion for Certificate of Appealability, Petitioner states he is entitled to a Certificate of Appealability for various reasons. (CoA MTN 3.) Petitioner then objects to various portions of the R&R as to the second issue. This Court will review, *de novo*, those parts of the R&R to which Plaintiff objects and will review for clear error the parts of the R&R to which Plaintiff does not object.

I. **Ground One**

Petitioner argues "a petition for writ of habeas corpus review is appropriate [sic] vehicle for second or successive [sic] petition." (Petition 6.) Judge Adler recommends denying this claim as moot because this is Petitioner's first federal habeas petition. (R&R 10.) The Court finds no error in this finding and **ADOPTS** the R&R as to this claim. The claim is **DENIED AS MOOT**.

II. **Ground Two**

A jury found Petitioner guilty of second degree murder and assault with a firearm. (*See* ECF No. 6-24.) A finding was also made that Petitioner committed the offense for the benefit of a street gang. (*Id.*) Petitioner challenges his conviction of second degree murder as invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Traverse 11–12.) In *Johnson*, the Supreme Court found a clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. 135 S. Ct. at 2555–56. The ACCA increases one's prison time if he has three or more earlier convictions for a "serious drug offense" or "violent felony." *Id.* at 2555. One definition of "violent felony" is: "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.*; *see* 18 U.S.C. § 924(e)(2)(B) (emphasis added). The Court found the italicized clause in this definition to be unconstitutionally vague. 135 S. Ct. at 2557.

Here, Petitioner argues the phrase "inherently dangerous to human life" in the second degree felony murder statute is unconstitutionally vague, like the clause in *Johnson*.

(Traverse 11.) Judge Adler found that Petitioner has no standing to bring this claim because he was not convicted for second degree felony murder. (R&R 11–12.) Judge Adler also determined there is no evidence the jury was given any instruction as to a felony murder charge. (*Id.* at 12.) Judge Adler recommends the Court deny this claim.

In response, Petitioner argues he was found guilty of express and implied malice, with a street gang allegation attached. (CoA MTN 3.) He argues the prosecutor "elevate[d] the criminality of murder" and the jury could not give "credence to a possible lesser charge." (*Id.*)[2] It is unclear what Petitioner is arguing and how this relates to Judge Adler's finding. It is true Petitioner's charge was enhanced by the finding he committed the offense for the benefit of a street gang. To the extent Petitioner is making new arguments beyond those in his Petition, the Court does not consider them. *See Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that the district court, in reviewing objections to a magistrate judge's report and recommendation, is not required to consider evidence that was not presented to the magistrate judge).

Petitioner also argues an ambiguous jury instruction was given. (CoA MTN 4.) His argument is unclear; he may be arguing the jury instruction for the street gang allegation should not list crimes, or, he may be arguing it is "unreasonable" for the jury instruction to list the crimes listed in California Penal Code section 189. (*Id.*; *see* ECF No. 6-12, at 147 (jury instruction for Street Gang Allegation).) First, Petitioner has never before argued the jury instructions were ambiguous, so the Court does not consider the argument here. To the extent Petitioner argues the Street Gang Allegation jury instruction was improperly given, the Court disagrees. Evidence was presented that Petitioner killed the victim

---

[2] Petitioner also refers to CALJIC 3.31 as evidence the jury could not consider a lesser charge. (CoA MTN 3 (citing ECF No. 6-12, at 116).) But this jury instruction, "Concurrence of Act and Specific Intent," has nothing to do with felony murder.

because Petitioner stated the victim made gang-related comments and gestures. (ECF No. 6-18, at 2–6.) An expert testified that Petitioner was a gang member and Petitioner killed the victim for the purpose of enhancing the reputation of himself and his gang. (*Id.* at 4.)

Petitioner argues Judge Adler erred in finding that "inherently dangerous to human life" was not part of the jury instructions. (CoA MTN 5.) In his Petition, Petitioner references an appendix which contains all the jury instructions given to the jury at this trial. (ECF No. 6-12, at 77–160.) Two of the instructions given were Jury Instruction 8.30 and 8.31, which pertain to second degree murder, not felony murder. (*Id.* at 121–22.)[3] The Court agrees with Judge Adler: "there is simply no mention of the felony murder rule anywhere in the jury instructions" given to the jury in Petitioner's case. (R&R 13 (citing ECF No. 6-12, at 77–160).) There is also no reference to "inherently dangerous to human life." Thus, because the felony-murder rule has nothing to do with Petitioner's case, he has no standing to argue the felony-murder rule is unconstitutional.

Petitioner further objects to the R&R, stating the elements of his case "proved that the facts as interpreted amount to 'inherently dangerous to human life.'" (CoA MTN 5.) While this may be true, and while the jury may have deemed Petitioner's actions dangerous when they convicted Petitioner of second degree murder, this does not elevate Petitioner's conviction to felony murder, and he was not convicted of felony murder. Thus, the Court **DENIES** Petitioner's second claim **WITH PREJUDICE**.

### III. Certificate of Appealability

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Specifically, if a court denies a petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

---

[3] Jury Instruction 8.32 pertains to felony murder; there is no indication this instruction was given at Petitioner's trial. (*See* ECF No. 1-3, at 9 (Superior Court Judge Rodriguez finding the same).)

proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner argues jurists could disagree with the Court's resolution of his constitutional claims and that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. (CoA MTN 6 (citing *Miller-El*, 537 U.S. 327).) The Court finds that Petitioner did not make a substantial showing of the denial of a constitutional right, the issues are not debatable among jurists of reason, and a court could not resolve the issues in a different manner. *See Miller-El*, 537 U.S. at 327. The Court therefore **DENIES** a certificate of appealability.

## CONCLUSION

Given the foregoing, the Court **ADOPTS** the R&R, (ECF No. 13), **OVERRULES** Petitioner's Objections, (ECF No. 17), and **DENIES** Petitioner's Motion for a Certificate of Appealability, (*id.*). Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: January 8, 2018

Hon. Janis L. Sammartino
United States District Judge