UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN K. LOCKE,<br><br>        Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>        Respondent. | Case No.: 17-CV-453-JLS (JMA)<br><br>**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(ECF No. 21) |

Presently before the Court is Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), ("MTN," ECF No. 21). Petitioner also filed a Reply in Support of his Motion, (ECF No. 25).

**BACKGROUND**

On August 4, 2017, Magistrate Judge Jan M. Adler issued a Report and Recommendation recommending this Court deny Petitioner's Petition for Writ of Habeas Corpus, ("R&R," ECF No. 13). On January 8, 2018, this Court adopted the R&R, ("Prior Order," ECF No. 18). In sum, Petitioner had alleged (1) a petition for writ of habeas corpus review is an appropriate vehicle for a second or successive petition; and (2) his conviction for second-degree murder is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). ("Petition," ECF No. 1, at 6–7; "Traverse," ECF No. 12, at 11–12.) Judge Adler recommended this Court find the first issue moot and deny Petitioner's claim on the second

1

issue. (R&R 10, 13.) The Court agreed with Judge Adler and adopted the R&R. Petitioner now moves to amend the Court's Order under Federal Rule of Civil Procedure 59(e).

## LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Such reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## ANALYSIS

### I.   Petitioner's Objections

Petitioner argues the Court erred in failing to consider his objections to the R&R. (MTN 3.) Petitioner filed Objections to the R&R as well as a Motion for Certificate of Appealability ("CoA") which also included objections to the R&R. (*See* ECF Nos. 16, 17). The Court did not refer to Petitioner's Objections in its Order but analyzed the objections Petitioner included in his CoA Motion. (Prior Order 1.) The Court stated "[w]hile Petitioner did not file objections to the R&R, he filed a Motion for Certificate of Appalability, which includes objections to the R&R." (Prior Order 1–2.) The Court failed to note that Petitioner filed two documents, one titled "Objections," and one titled "Motion for Certificate of Appealiability"; the two contain similar objections but the Motion contains lengthier objections. Petitioner's Objections end mid-sentence at page 5 and it appears Petitioner failed to attach all of the pages to this document. (*See* ECF No. 16.)

The Court considered the more complete objections in the CoA Motion in its prior order. The Court will review Petitioner's Objections here.

As to claim one, in his Objections to the R&R, Petitioner notes that Judge Adler found this issue to be moot and states he "will not make any objection to claim one." (Obj. 2.) In its Order, the Court found no error in Judge Adler's recommendation and adopted the R&R as to this claim, denying claim one as moot. (Prior Order 3.) The Court finds no error in this determination.

As to claim two, in sum, Petitioner argued in his Petition that the phrase "inherently dangerous to human life" in the second degree felony murder statute is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Traverse 11–12); *see Johnson*, 135 S. Ct. at 2557 (finding the italicized phrase in "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*" to be unconstitutionally vague). Judge Adler found that Petitioner had no standing to bring this claim because he was not convicted for second degree felony murder, and there is no evidence the jury was given any instruction as to a felony murder charge. (R&R 11–12.) Petitioner was convicted of second degree murder and assault with a firearm. (*Id.* at 1.) In his Objections, Petitioner argues Judge Adler was unreasonable in his determination that this claim should be denied. (Obj. 3.) Petitioner discusses the second degree felony murder rule and argues the trial judge is required to explain the law correctly to the jury. (*Id.* at 5 (citing cases).) Petitioner's objections then end mid-sentence.[1] The Court found that the trial judge did correctly instruct the jury; because Petitioner was not convicted for second degree felony murder, it was correct for

---

[1] In his Motion to Amend, Petitioner includes his full objections as an exhibit, including pages that do not appear in his original objections. (MTN 11–18.) First, this is not "newly discovered evidence" that would allow reconsideration of the prior order, as it appears Petitioner failed to include all of the pages in his original objections. Second, the objections on the newly-included pages do not raise any arguments the Court did not consider in its prior order. Simply because Petitioner was convicted of second degree murder with a gang enhancement does not elevate his conviction to felony murder. (MTN 16; Prior Order 5.) Petitioner has no standing to contest the felony murder statute. There is no error in this finding.

the trial judge *not* to give an instruction on this charge. (Prior Order 5.) The trial judge properly gave Jury Instruction 8.30 and 8.31, which pertain to second degree murder, not felony murder. (*Id.* (citing to ECF No. 6-12, at 121–22).) The Court finds no error in this finding.

In sum, the Court has reviewed Petitioner's objections and finds no error in the fact that it did not mention Petitioner's Objections in its Order and instead analyzed Petitioner's objections listed in his CoA Motion, (ECF No. 17). In fact, the objections in the CoA Motion were similar to and even more complete than those in the "Objections" document. (*Compare* ECF No. 16 *with* ECF No. 17.) The Court considered each objection, overruled them, and adopted the R&R. (Prior Order 4–5.)

## II. Petitioner's Remaining Arguments

Petitioner also argues the Court's order should be amended for other reasons. He argues the Court erred in determining that his conviction for second degree murder "does not [constitute] being found guilty under the felony murder rule." (MTN 5.) Petitioner argues (as he did in his CoA Motion) that the prosecutor's case against him, i.e., the alleged "willingness to commit a felony inherently dangerous to human life," along with implied malice, demonstrate he possessed "an abandoned and malignant heart." (*Id.* at 7.) It appears that Petitioner argues this should give him standing to contest the language in the felony murder statute and the Court erred in finding otherwise. As the Court noted in its Order, "while the jury may have deemed Petitioner's actions dangerous when they convicted Petitioner of second degree murder, this does not elevate Petitioner's conviction to felony murder, and he was not convicted of felony murder." (Prior Order 5.) The two charges are not one in the same, and the Court finds no error in its finding that Petitioner was not convicted of felony murder and thus has no standing to argue the language of the statute is unconstitutionally vague.

Petitioner also argues the Court erred in finding "inherently dangerous" was not part of the jury instructions given in his case. (MTN 7.) Again, Petitioner argues the facts of his case as alleged (i.e., "the ordinary or average discharge of a firearm in a grossly

4

17-CV-453-JLS (JMA)

negligent manner" and "[shooting] at someone in a public place") are inherently dangerous to human life. (*Id.* at 8–9.) But, Petitioner acknowledges he was convicted of second degree murder, (*id.* at 9), thus, the proper jury instruction was given. Again, "there is simply no mention of the felony murder rule anywhere in the jury instructions" given to the jury in Petitioner's case. (R&R 13 (citing ECF No. 6-12, at 77–160).) There is also no reference to "inherently dangerous to human life." (Prior Order 5.) The Court finds no error in this finding.

## CONCLUSION

Finding no basis to alter or amend its prior order, the Court **DENIES** Petitioner's Motion, (ECF No. 21).

**IT IS SO ORDERED.**

Dated: March 26, 2018

Hon. Janis L. Sammartino
United States District Judge

5

17-CV-453-JLS (JMA)